**Joni KLYANA, Petitioner-Appellant,**

v.

**Craig APKER, Respondent-Appellee.**

**No. 16-15334**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 14, 2017

Joni Klyana, Pro Se

Heidi Adams, Attorney, San Francisco, CA, Dale Patrick, Esquire, Taft Correctional Institution, Taft, CA, Michael Gordon Tierney, Assistant U.S. Attorney,

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

DOJ-USAO, Fresno, CA, for Respondent-Appellee

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

## MEMORANDUM **

Federal prisoner Joni Klyana appeals pro se from the district court's order denying his 28 U.S.C. § 2241 habeas corpus petition. We review the denial of a section 2241 petition de novo, *see United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008), and we affirm.

Klyana contends that the sentencing court improperly delegated its authority to schedule his restitution payments. This claim is belied by the record, which reflects that the sentencing court properly assessed Klyana's ability to pay and ordered that he make payments of not less than $25 per quarter during his term of imprisonment as part of the Inmate Financial Responsibility Program ("IFRP"). *See* 18 U.S.C. § 3664(f)(2); *Lemoine*, 546 F.3d at 1046 (upholding identical restitution order). We reject Klyana's contention that he is exempted from the regulations of the IFRP because he is housed at a government-owned, contractor-operated facility. *See Lemoine*, 546 F.3d at 1046 n.2 (federal inmate remains in federal custody, and thus subject to the Bureau of Prisons' authority through the IFRP, even where he is housed at an "independently operated" facility).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

